NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANK JOHNSON, | No. 21-55666 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-05178-SVW-GJS |
| v. | |
| CITY OF MORRO BAY, a municipal entity; WILL MARVOS, an individual; JEREMY PAINTER, an individual, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| UNKNOWN OFFICERS AND PERSONNEL OF THE MORRO BAY POLICE DEPARTMENT; DOES, 2-10, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted June 7, 2022
Pasadena, California

Before: M. SMITH, BADE, and VANDYKE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff asks this court to reverse the district court's entry of partial summary judgment in favor of Defendants on his Fourth Amendment unreasonable seizure claim. The material facts in this case are undisputed, and there is uncontroverted body camera footage of Plaintiff's encounter with the police. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Plaintiff contends that the Defendant officers violated the Fourth Amendment by arresting him in his home without a warrant. Plaintiff admittedly "stepped outside to meet the officers in the driveway," which is undisputedly a "common-area." Plaintiff spoke with the officers briefly before inviting them into his residence. The officers initially declined to enter, but Plaintiff insisted. The officers entered Plaintiff's home and arrested him a few minutes later. It is undisputed that the officers had probable cause to arrest Plaintiff.

Plaintiff took himself outside of the physical zone of privacy of his residence by crossing the threshold and entering the common-area driveway. *See United States v. Watson*, 423 U.S. 411, 423–24 (1976) (holding that a warrantless arrest of an individual in a public place upon probable cause does not violate the Fourth Amendment); *cf United States v. Quaempts*, 411 F.3d 1046, 1048–49 (9th Cir. 2005) (holding that because the defendant "did not take himself outside the physical zone

2

of privacy of the house . . . the officers could not make a warrantless arrest.").

Once in public, Johnson invited the officers into his home. The undisputed bodycam footage shows that he consented to the warrantless arrest. *See United States v. Garcia*, 997 F.2d 1273, 1278, 1281 (9th Cir. 1993) (finding an inference of consent when a defendant opened his door and, after law enforcement officers said, "we'd like to talk to you," the defendant responded, "'okay,' nodded and stepped back"). Accordingly, *United States v. Lundin*, 817 F.3d 1151 (9th Cir. 2016), is distinguishable, and we see no violation of Plaintiff's Fourth Amendment right to be free of an unlawful seizure.

**AFFIRMED.**